Kinney, Ballou & McClanahan for plaintiffs.

C. Brown and L. A. Dickey for defendant.

————:o:————

# IN THE MATTER OF THE APPLICATION OF J. T. DE BOLT ON BEHALF OF W. H. MARSHALL FOR A WRIT OF HABEAS CORPUS.

ORIGINAL.

SUBMITTED APRIL 2, 1900.                    DECIDED MAY 5, 1900.

FREAR AND WHITING, JJ., AND CIRCUIT JUDGE PERRY IN PLACE OF JUDD, C.J., ABSENT.

Sections 304-306, Pen. L., are not unconstitutional because they divide the offense of making and publishing a libel into two degrees without distinguishing between them except by the amount of the penalty and leave it to the court or jury authorized to decide on the facts to determine the degree.

OPINION OF THE COURT BY FREAR, J.

The prisoner was found guilty and sentenced to six months imprisonment in the District Court of Honolulu on a charge of making and publishing a libel in the first degree. He appealed to the Circuit Court and pending his appeal was admitted to bail but subsequently his surety surrendered him to the Marshal, who held him under the mittimus issued by the District Magistrate, and thereupon this writ of habeas corpus was asked for on his behalf. He is now out on bail pending these proceedings.

The sole ground upon which his discharge is sought is that the statute is unconstitutional in that it does not define the two degrees of the offense of making and publishing a libel.

The statute (Pen. L. Ch. 32) defines a libel (Sec. 299), the making of a libel (Sec. 300), and then provides (Sec. 304) that: "The offense of making, as also that of publishing a libel, is of two degrees, and the degree is to be found by the jury, or determined by the court or magistrate authorized to decide the facts; and so also the degree is to be determined by the court before which proceedings are had, where the facts charged are admitted by plea or otherwise." The statute then prescribes (Sec. 305) the penalty (imprisonment not more than one year or fine not exceeding one thousand dollars) for the offense of making or publishing a libel in the first degree, and (Sec. 306) the penalty (imprisonment not more than three months or fine not exceeding three hundred dollars) for the offense of making or publishing a libel in the second degree.

It is contended that there are two offenses of making and publishing a libel contemplated by the statute but that they are not defined in the statute and that it is not competent for the legislative branch of the government to delegate to the judicial branch authority to determine what shall constitute an offense; that it is the right of the accused to be informed clearly what he is to meet and that under this statute it is impossible to so inform him, for the same facts might constitute the offense in either the first or the second degree; that it would be impossible for the trial judge to instruct the jury as to the elements that constitute the respective offenses, or for him or the appellate court to say whether a verdict of guilty in one degree or the other is contrary to the law or the evidence, since there is nothing in the statute to distinguish between the elements which constitute the respective offenses or degrees.

The statute does not contemplate two distinct offenses and leave it to the jury or court to define them. It carefully defines one offense and then provides that it shall be of two degrees in respect to the penalty—apparently with a view to having the

punishment greater or less according as the court or jury should consider the offense more or less aggravated. There are no elements required to constitute the offense in the first degree that are not required to constitute the offense in the second degree. The difference is merely in intensity or degree, not in kind of crime or in the presence or absence of any particular element. The court usually is given considerable discretion as to the amount of the penalty, whether fine or imprisonment, and it is held constitutional to allow the jury to determine the penalty within prescribed limits. For instance, in *State v. Hockett*, 70 Ia. 442, a statute was held constitutional which permitted the jury to decide in a case of murder in the first degree whether the penalty should be death or imprisonment for life. In our opinion the statute in question divides the offense into two degrees in respect to the measure of punishment only. In the case of a trial by the court it gives the court no greater power over the amount of the penalty than it would have if there were not two degrees and only the penalty now prescribed for the first degree were named as the maximum. It merely requires the court, before fixing the penalty as in ordinary cases, to first decide the degree and so certain limits within which the penalty may be imposed in the particular case. And in the case of a trial by a jury, it merely gives the jury the power within certain limits to fix the penalty. The distinction is not as to the crime but as to the penalty, as is the case also in manslaughter (Secs. 45-48) and common nuisance (Secs. 331-333).

The prisoner is remanded to the custody of the Marshal.

*J. T. De Bolt* for the petitioner.

*Deputy Attorney-General E. P. Dole* for the respondent.